AO 104 (Rev. 07/16)  Tracking Warrant



CLERK'S OFFICE
A TRUE COPY
Jan 16, 2025
s/ JDH
Deputy Clerk, U.S. District Court
Eastern District of Wisconsin

# UNITED STATES DISTRICT COURT
for the
Eastern District of Wisconsin

| | |
|---|---|
| In the Matter of the Tracking of<br>*(Identify the person, property, or object to be tracked )*<br><br>A dark blue 2012 AUDI A6 bearing Wisconsin<br>registration AYT-6441 and a vehicle identification<br>number WAUGGAFC4CN095166 | )<br>)<br>)<br>)   Case No.   **25-M-315 (SCD)**<br>)<br>)<br>) |

## TRACKING WARRANT

To:      Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government shows there is reason to believe that the person, property, or object described above has been involved in and likely will continue to be involved in the criminal activity identified in the application, and  ☑ is located in this district;      ☐ is not now located in this district, but will be at execution;   ☐ the activity in this district relates to domestic or international terrorism;      ☐ other:                                                                        .

I find that the affidavit(s), and any recorded testimony, establish probable cause to believe that *(check the appropriate box)*  ☐ using the object      ☑ installing and using a tracking device to monitor the location of the person, property, or object will satisfy the purpose set out in Fed. R. Crim. P. 41(c) for issuing a warrant.

☑ I find entry into the following vehicle or onto the following private property to be necessary without approval or knowledge of the owner, custodian, or user of the vehicle or property for installing, maintaining, and removing the tracking device: A dark blue 2012 AUDI A6 bearing Wisconsin registration AYT-6441 and a vehicle identification number WAUGGAFC4CN095166 located at: (1) 1448 S. 85th Street, West Allis, WI; and/or (2) 32000 Bridge Drive, Waterford, WI (Frost Farm).

**YOU ARE COMMANDED** to execute this warrant and begin use of the object or complete any installation authorized by the warrant by      1-26-25                          *(no later than 10 days from the date this warrant was issued)* and may continue to use the device until      3-2-25                          *(no later than 45 days from the date this warrant was issued).*  The tracking may occur within this district or another district.  To install, maintain, or remove the device, you may enter *(check boxes as appropriate)*
☑ into the vehicle described above        ☑ onto the private property described above
☐ in the daytime 6:00 a.m. to 10:00 p.m.  ☑ at any time in the day or night because good cause has been established.

Within 10 calendar days after the use of the tracking device has ended, the officer executing this warrant must both return it to *(United States Magistrate Judge)*  Stephen C. Dries                          and — unless delayed notice is authorized below — serve a copy of the warrant on the person who, or whose property or object, was tracked.

☑ Pursuant to 18 U.S.C. § 3103a(b)(1), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and this warrant prohibits the seizure of any tangible property or any wire or electronic communications (as defined in 18 U.S.C § 2510).  I therefore authorize the officer executing this warrant to delay notice to the person who, or whose property or object, will be tracked *(check the appropriate box)*
☑ for      30      days *(not to exceed 30)*  ☐ until, the facts justifying, the later specific date of                          .

Date and time issued:      1-16-25. 2:15 pm

*Stephen C. Dri*
*Judge's signature*

City and state:      Milwaukee, Wisconsin                    Honorable Stephen C. Dries, U.S. Magistrate Judge
                                                                    *Printed name and title*

Case No.

## Return of Tracking Warrant With Installation

1.  Date and time tracking device installed: _____

2.  Dates and times tracking device maintained: _____

3.  Date and time tracking device removed: _____

4.  The tracking device was used from *(date and time)*: _____

   to *(date and time)*: _____ .

## Return of Tracking Warrant Without Installation

1.  Date warrant executed: _____

2.  The tracking information was obtained from *(date and time)*: _____

   to *(date and time)*: _____ .

## Certification

I declare under the penalty of perjury that this return is correct and was returned along with the original warrant to the designated judge.


Date: _____

_____
*Executing officer's signature*

_____
*Printed name and title*

# UNITED STATES DISTRICT COURT
for the
Eastern District of Wisconsin



CLERK'S OFFICE
A TRUE COPY
Jan 16, 2025
s/ JDH
Deputy Clerk, U.S. District Court
Eastern District of Wisconsin

| | |
|---|---|
| In the Matter of the Tracking of *(Identify the person to be tracked or describe the object or property to be used for tracking)* A dark blue 2012 AUDI A6 bearing Wisconsin registration AYT-6441 and a vehicle identification number WAUGGAFC4CN095166 | ) ) ) ) ) ) Case No. **25-M-315 (SCD)** |

## APPLICATION FOR A TRACKING WARRANT

I, a federal law enforcement officer or attorney for the government, have reason to believe that the person, property, or object described above has been and likely will continue to be involved in one or more violations of

__21__ U.S.C. § __841 & 846__ . Therefore, in furtherance of a criminal investigation, I request authority to install and use a tracking device or use the tracking capabilities of the property or object described above to determine location.  The application is based on the facts set forth on the attached sheet.

☑ The person, property, or object is located in this district.

☐ The person, property, or object is not now located in this district, but will be at the time of execution.

☐ The activity in this district relates to domestic or international terrorism.

☐ Other:

The tracking will likely reveal these bases for the warrant under Fed. R. Crim. P. 41(c): *(check one or more)*

☑ evidence of a crime;

☐ property designed for use, intended for use, or used in committing a crime;

☐ contraband, fruits of crime, or other items illegally possessed;

☐ a person to be arrested or a person who is unlawfully restrained.

☑ I further request, for purposes of installing, maintaining or removing the tracking device, authority to enter the following vehicle or private property, or both:
A dark blue 2012 AUDI A6 bearing Wisconsin registration AYT-6441 and a vehicle identification number WAUGGAFC4CN095166 located at: (1) 1448 S. 85th Street, West Allis, WI; and/or (2) 32000 Bridge Drive, Waterford, WI (Frost Farm).

☑ Delayed notice of __30__ days (give exact ending date if more than 30 days: _____ ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

AUSTIN BRECHUE (Affiliate)

Digitally signed by AUSTIN BRECHUE (Affiliate)
Date: 2025.01.15 10:06:48 -06'00'

*Applicant's signature*

Austin Brechue, DEA TFO

*Applicant's printed name and title*

Attested to by the applicant in accordance with the

requirements of Fed. R. Crim. P. 4.1 by telephone.

Date: __1-16-25__

City and state:  __Milwaukee, Wisconsin__

*Judge's signature*

Honorable Stephen C. Dries, U.S. Magistrate Judge
*Printed name and title*

I, Austin Brechue, being first duly sworn, hereby depose and state as follows:

**INTRODUCTION AND AFFIANT BACKGROUND**

1.      I make this affidavit in support of an application for a search warrant under Federal Rule of Criminal Procedure 41 to authorize the installation and monitoring of a tracking device on the following vehicle ("**Subject Vehicle**"):

a.   dark blue 2012 AUDI A6 bearing Wisconsin registration AYT-6441 and a vehicle identification number WAUGGAFC4CN095166 (**Subject Vehicle**).

2.      Based on the facts set forth in this affidavit, I believe that: (1) there is probable cause to believe that an unidentified Hispanic male, and others have violated, and are continuing to violate Title 21 U.S.C. §§ 841(a)(1) (distribution and possession with the intent to distribute controlled substances), 846 (conspiracy to distribute and possess with the intent to distribute controlled substances), and Title 18 U.S.C . §§ 1959 & 1957 (Money laundering)  and that the **Subject Vehicle** is presently being used in furtherance of these violations; (2) there is probable cause to believe that the installation of a tracking device on the **Subject Vehicle**, and use of the tracking device, will lead to evidence, fruits, and instrumentalities of the aforementioned crimes; and (3) there is probable cause to believe that the location of the **Subject Vehicle** will constitute evidence of those crimes and will lead to the identification of additional individuals who are engaged in the commission of those and related crimes.

1

3. I am employed as a Detective with the City of Kenosha Police Department and have been a law enforcement officer for approximately 18 years. I have been a Detective for approximately 6 years and have been assigned to conduct narcotics investigations for approximately 2 years. I am also a Task Force Officer with the United States Department of Justice, Drug Enforcement Administration (DEA), and have been since January 2024. As such, I am an investigative or law enforcement officer of the United States within the meaning of Section 2510(7) of Title 18, United States Code, in that I am empowered by law to conduct investigations of and to make arrests for federal felony offenses.

4. I have participated in numerous complex narcotics investigations which involved violations of state and federal controlled substances laws and money laundering laws including Title 21, United States Code, Sections 841(a)(1), 843(b) and 846, and Title 18, United States Code, Sections 1956 and 1957, and other related offenses. I have had both formal training and have participated in numerous complex drug-trafficking investigations, including ones using wiretaps. More specifically, my training and experience includes the following:

    a. I have utilized informants to investigate drug trafficking. Through informant interviews, and extensive debriefings of individuals involved in drug trafficking, I have learned about the manner in which individuals and organizations distribute controlled substances in Wisconsin and throughout the United States;

    b. I have also relied upon informants to obtain controlled substances from dealers, and have made undercover purchases of controlled substances;

    c. I have extensive experience conducting street surveillance of individuals engaged in drug trafficking. I have participated in the execution of numerous search warrants where controlled substances, drug paraphernalia, and drug trafficking records were seized;

    d. I am familiar with the appearance and street names of various drugs, including marijuana, heroin, cocaine, cocaine base (unless otherwise noted, all references to crack cocaine in this affidavit is cocaine base in the form of crack cocaine), ecstasy, and methamphetamine. I am familiar with the methods used by drug dealers to

2

package and prepare controlled substances for sale. I know the street values of different quantities of the various controlled substances;

e. I am familiar with the language utilized over the telephone to discuss drug trafficking, and know that the language is often limited, guarded, and coded;

f. I know that drug traffickers often use electronic equipment and wireless and land line telephones to conduct drug trafficking operations;

g. I know that drug traffickers commonly have in their possession, and at their residences and other locations where they exercise dominion and control, firearms, ammunition, and records or receipts pertaining to such;

h. I have been assigned to court-authorized wiretaps and have been trained to operate the equipment utilized to conduct such operations;

i. I know that drug traffickers often put their telephones in nominee names in order to distance themselves from telephones that are utilized to facilitate drug trafficking; and

j. I know that drug traffickers often use drug proceeds to purchase assets such as vehicles, property, and jewelry. I also know that drug traffickers often use nominees to purchase and/or title these assets in order to avoid scrutiny from law enforcement officials.

5. I am currently participating in an investigation of a money laundering organization (MLO) operating in Wisconsin. According to confidential source information, this MLO collects drug proceeds from a drug trafficking organization(s) (DTO) operating in Wisconsin. Money brokers operating in Mexico arrange for couriers operating throughout the United States to pick up drug proceeds from multiple drug trafficking organizations. The drug proceeds are then transferred to other money couriers or deposited into bank accounts utilized by Mexican drug cartels to launder proceeds of drug sales.

6. This affidavit is based upon my personal knowledge, observations, training, and experience, and upon information reported to me by other federal and local law enforcement officers during the course of their official duties, and other witnesses, all of whom I believe to be

3

truthful and reliable.  Throughout this affidavit, reference will be made to case agents.  Case agents are those federal, state, and local law enforcement officers who have directly participated in this investigation, and with whom your affiant has had regular contact regarding this investigation. This affidavit is intended to show merely that there is probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

7.     My investigation to date has included traditional law enforcement methods, including, but not limited to interviews with confidential human sources, information from other law enforcement officers, documentary evidence, pen register, trap and trace, and telephone toll data, controlled buys of drugs, garbage searches, and physical surveillance. Through these and other methods, I have been able to identify that **Subject Vehicle** is being used by the targets of my investigation in furtherance of their drug trafficking operation.

## PROBABLE CAUSE

### First Money Pickup in Wisconsin

8.     On or about November 15, 2024, a confidential source (CS) contacted case agents and stated s/he was in contact with an unidentified Mexico-based money broker who told him/her that unknown subjects in Wisconsin were in possession of an undetermined amount of money that needed to be laundered in the United States and returned to Mexico.  The unidentified subjects in Wisconsin needed the drug proceeds to be picked up for laundering.

9.     The CS, who in the past has posed as a money broker, agreed to accept the contract with the unidentified Mexico-based money broker.  Acting at the direction of case agents, the CS provided the unidentified Mexico-based money broker with a phone number belonging to an undercover officer ("UC"), a $1.00 bill serial number, and an undercover name for the UC who would pick up the money.  The CS and the money broker agreed that they would use the UC to pick

4

up the money in the Milwaukee, Wisconsin, area. The UC would then provide the money to the CS, who would complete the laundering.

10. Case agents believe that the CS's information is credible and reliable for the following reasons: Since 2008, the CS has given case agents detailed and corroborated information concerning numerous individuals involved in drug trafficking and money laundering which case agents have independently verified; the CS has provided information to agents which directly led to the seizure of over $10 million dollars of drug proceeds and the seizure of large amounts of illegal drugs, including cocaine and heroin; and the CS' information has led to the arrest of numerous individuals on drug trafficking-related charges. Several of those subjects are now also cooperating with law enforcement. The CS is cooperating with law enforcement in exchange for payments of money. The CS has no known criminal history.

11. Between November 15, 2024, and November 18, 2024, an undercover police officer (UC) was in communications with the user of telephone number (414) 316-8846 (8846 Telephone). The UC and the user of the 8846 Telephone agreed to meet on November 18, 2024, at approximately 4:45 p.m. for the United States Currency (USC) to be picked up.

12. On November 15, 2024, at 3:10 p.m., the user of the 8846 Telephone sent the UC a text message stating "Milwaukee token 120k l21863225f". That same day, the user of the 8846 Telephone called the UC at which time they planned to meet in the afternoon of November 18, 2024. The user of the 8846 Telephone told the UC he lived about 30 minutes from Milwaukee, didn't have a car, and the UC would have to come to him. The UC agreed and the user of the 8846 Telephone told the UC he would send the UC the address.

13. On November 15, 2024, at 5:19 p.m., the user of the 8846 Telephone sent the UC a text message with a photograph of a shipping label "Frost Farms, 32000 Bridge Drive, Waterford,

5

WI 53185."

14.    On November 18, 2024, at approximately 4:55 p.m., the UC met with the user of the 8846 Telephone and picked up $120,000 in USC in Waterford, WI. The UC arrived at Frost Farms and was met by an unidentified Hispanic male who was operating a motorized scooter like vehicle. The unidentified Hispanic male directed the UC to follow him to the North side of the property. The UC followed the unidentified Hispanic male to the North side of the property at which time the unidentified Hispanic male retrieved a black drawstring bag from him his backpack. The unidentified Hispanic male gave the UC the black drawstring bag which contained a large amount of USC. The USC was later determined to be in the amount of $120,000.

15.    Based on the aforementioned information, on November 25, 2024, the Honorable Stephen Dries, United States Magistrate in and for the Eastern District of Wisconsin, authorized the use of precision location tracking on the 8846 Telephone. The original authorization has expired but has since been extended, as is ongoing, as further detailed below.

**Money Pickup Coordinated by**
**User of the 8846 Telephone in Ohio**

16.    On November 25, 2024, like the aforementioned money pickup, investigators received information that an unknown subject in Mexico was requesting another money pickup, this time in Ohio. The following day, an undercover Task Force Officer (UC) in Ohio, was contacted by the user of the 8846 Telephone regarding the second money pickup. During the call, the user of the 8846 Telephone indicated that another subject would be contacting the UC, on behalf of the user of the 8846 Telephone, to complete the money pickup.

17.    On December 3, 2024, a subject in Ohio contacted the UC on behalf of the user of the 8846 Telephone. Later that day, the subject provided the UC with $129,440.00 in suspected

6

drug proceeds.

18. Since receiving authorization to locate the 8846 Telephone, investigators have repeatedly attempted to identify the user of the 8846 Telephone, with no success. In particular, on December 8, 2024, location data placed the 8846 Telephone near a residence in West Allis, Wisconsin, which investigators believe is associated with Luis Sandoval based on checks through law enforcement databases. A criminal history check for Sandoval showed him to have criminal history to include possession of marijuana, possession with intent cocaine, maintain a drug trafficking place, manufacture and deliver cocaine, and conspiracy. Sandoval is also currently on parole for possession with intent to distribute cocaine.

19. A cellular telephone believed to be utilized by Sandoval is a top contact of the 8846 Telephone. To identify the user of the 8846 Telephone, physical surveillance was established around Sandoval's residence. Shortly thereafter, two males exited the residence and entered a dark blue 2012 Audi A6 bearing Wisconsin registration AYT-6441 (**Subject Vehicle**), which was parked on the roadway in front of the residence. The **Subject Vehicle** is registered to a male but based on the driver's license photograph of the registered owner, it was confirmed that the registered owner of the **Subject Vehicle** was not one of the two males that exited the residence and entered the **Subject Vehicle**. The **Subject Vehicle** then left the area, with both males in the **Subject Vehicle**, and traveled to the area of Potawatomi Casino in Milwaukee, Wisconsin, where they both entered the casino. Precision location tracking of the 8846 Telephone confirmed that after the two males left the residence, the 8846 Telephone also moved to the area of Potawatomi Casino. As a result, investigators believe that one of the two males is the user of the 8846 Telephone.

20. On December 18, 2024, the Forest County Potawatomi legal department, on behalf of the Potawatomi Casino, responded to an administrative subpoena requesting assistance in the

7

identification of the two male subjects seen entering the Casino on December 8, 2024. The legal department confirmed that one of the subjects was Luis Sandoval, based on an identification provided by one of the males entering the casino, but was unable to identify the other subject. As a result, it is still unknown which of the two subject is using 8846 Telephone.

21.     I believe that the unknown user of the 8846 Telephone continues to be involved in drug trafficking and / or money laundering and is also associated with the **Subject Vehicle**.

22.     Likewise, based in part on the aforementioned information, on January 8, 2025, the Honorable William Callahan Jr, United States Magistrate Judge, authorized the tracking of the 8846 Telephone. Investigators continue to receive precision location tracking information related to the 8846 Telephone.

**Second Money Pickup in Wisconsin**

23.     Between January 3, 2025, and January 10, 2025, the user of 8846 Telephone was in contact with the UC and arranged for another money pickup to occur in Milwaukee, WI.  In particular, the UC and the user of 8846 Telephone agreed to meet on January 10, 2024, in Milwaukee, Wisconsin.

24.     On January 10, 2025, DEA Milwaukee investigators utilized the UC and conducted another money pickup operation with the unknown user (UM1) of 8846 Telephone in Milwaukee, Wisconsin. During the meeting, the UC was provided $149,590.00 in suspected drug proceeds by UM1.  Precision location tracking confirmed that the 8846 Telephone was in the vicinity of the operation during the time the money drop occurred. Likewise, it was observed that UM1 was wearing the same jacket / sweatshirt as the second (unidentified) male from Potawatomi Casino, as detailed above.  After the money drop occurred, UM1 returned to the **Subject Vehicle** and left the area, followed by investigators. During surveillance, it was confirmed that UM1 was the sole

8

occupant and operator of the **Subject Vehicle**.

25.     As a result, investigators believe that UM1 is not only the user of the 8846 Telephone but is also utilizing the **Subject Vehicle** to further his drug trafficking activities.  Investigators believe that the tracking of the Subject Vehicle will assist investigators in identifying additional co-conspirators and other locations associated with UM1.

**Information About the Audi A6 bearing**
**Wisconsin registration AYT-6441 (Subject Vehicle)**

26.     A registration check of Wisconsin registration AYT-6441 through the Wisconsin Department of Transportation showed it assigned to a 2012 Audi A6 and registered to Habram Jesus Sandoval at 1448 S. 85th Street, West Allis, WI.  Investigators have observed the **Subject Vehicle** parked outside on the roadway in front of 1448 S. 85th Street, West Allis, WI, as well as, the parking lot area of Frost Farms, located at 32000 Bridge Drive, Waterford, WI.  As detailed above, investigators have observed UM1 being associated with the **Subject Vehicle** on multiple occasions. I am aware, based on training and experience, that subjects involved in drug trafficking and / or money laundering frequently utilize vehicles with false / fictitious information in an attempt to avoid law enforcement detection.

27.     Based on this entire investigation, including electronic and physical surveillance, FLOCK information, and cell site location GPS data, I believe that (1) UM1 is using the **Subject Vehicle** in connection with drug trafficking and / or money laundering; and (2) that the **Subject Vehicle** is presently located within the Eastern District of Wisconsin.

28.     In order to track the movement of the **Subject Vehicle** effectively and to decrease the chance of detection, law enforcement seeks authorization to install a tracking device on the **Subject Vehicle** within the authorization period, as necessary.

9

29. Based on surveillance, investigators know that UM1 sometimes parks the **Subject Vehicle** on private property, and so it may be necessary to enter onto private property and/or move the **Subject Vehicle** in order to affect the installation, repair, replacement, and removal of the tracking device(s). Specifically, I believe that the **Subject Vehicle** is likely to be located at: (1) 1448 S. 85th Street, West Allis, WI; and/or (2) 32000 Bridge Drive, Waterford, WI (Frost Farm); and/or any publicly accessible location. Investigators have personally observed the **Subject Vehicle** parked at both locations within the last 30 days.

30. Based on this investigation, as detailed above, I believe that UM1 is using the **Subject Vehicle** in connection with violations of 21 U.S.C. § 841(a)(1) (distribution and possession with the intent to distribute controlled substances), 846 (conspiracy to distribute and possess with the intent to distribute controlled substances), and Title 18 U.S.C. §§ 1959 & 1957 (Money laundering). Information obtained from this search warrant will be used to attempt to locate and identify UM1, and his frequented locations to identify any associated narcotics or proceeds "stash" locations. Furthermore, the information obtained from this warrant will be utilized to monitor who UM1 meets with to identify their drug and / or money laundering distribution network and source(s) of supply. This tracking information is relevant to show whether UM1, and others acted-in-concert, by establishing the nature and extent of their relationship, the existence and scope of the conspiracy, the pattern of their communications, their patterns of travel, and any deviations from those patterns.

31. 1448 S. 85th Street, West Allis, WI is a single-family residence, located in populated, residential areas. 32000 Bridge Drive, Waterford, WI (Frost Farm) is a business (Dairy Farm). Both locations are easily visible to neighboring homes, other businesses and passersby on the roadway. To ensure the safety of the executing officer(s) and to avoid premature disclosure of the investigation, it is requested that the court authorize installation, maintenance, and removal of the

10

tracking devices during both daytime and nighttime hours. Daytime installation will make it harder for law enforcement to install the tracking device without being detected by the unidentified Hispanic male or their associates, which could reveal the existence of the investigation and/or precipitate a violent confrontation.

**AUTHORIZATION REQUEST**

32. Based on the foregoing, I request that the Court issue the proposed search warrant, pursuant to Federal Rule of Criminal Procedure 41 authorizing periodic monitoring of the tracking device during both daytime and nighttime hours for a period of 45 days following installation of the device. I believe this timeframe is needed as this is a long-term investigation which has so far revealed that UM1 has been engaged in money laundering. As such, I expect my investigation to last longer than 45 days. Further, the tracking devices may produce signals from inside private garages or other such locations not open to the public or visual surveillance.

33. It is further requested that if the **Subject Vehicle** travels outside the territorial jurisdiction of the court, the order authorize the continued monitoring of the electronic tracking device in any jurisdiction within the United States, pursuant to 18 U.S.C. § 3117.

34. Based on the foregoing, I request that the Court issue the proposed search warrant, pursuant to Federal Rule of Criminal Procedure 41 and 18 U.S.C. § 3117, that authorizes law enforcement, including but not limited to your affiant and technicians assisting in the above-described investigation: (a) to install a tracking device on the **Subject Vehicle** within the Eastern District of Wisconsin within 10 days of the issuance of the proposed warrant; (2) to maintain, repair, and/or replace the tracking device as necessary; (3) to remove the tracking device from the **Subject Vehicle** after the use of the tracking device has ended; (4) to install, maintain, and remove the tracking device during both daytime and nighttime hours; (5) to surreptitiously enter 1448 S. 85th

11

Street, West Allis, WI, and/or 32000 Bridge Drive, Waterford, WI (Frost Farm), including any parking garages or other publicly accessible location, and/or move the **Subject Vehicle** to effect the installation, repair, replacement, and removal of the tracking device; and (6) to monitor the tracking device for a period of 45 days following the issuance of the warrant, including when the tracking device are inside private garages and other locations not open to the public or visual surveillance, both within and outside the Eastern District of Wisconsin.

35.     Law enforcement also requests permission to enter the **Subject Vehicle** to install the tracking device(s). While law enforcement will make reasonable efforts to install each of the tracking devices without entering the **Subject Vehicle** (by, for example, installing the tracking device on the bottom of the **Subject Vehicle**), it is possible that installation in such a location will prove impracticable, such that law enforcement will need to secret the tracking device(s) inside the **Subject Vehicle**.

36.     I further request, pursuant to 18 U.S.C. § 3103a(b) and Federal Rule of Criminal Procedure 41(f)(3), that the Court authorize the officer executing the warrant to delay notice until 30 days after the collection authorized by the warrant has been completed.  This delay is justified because there is reasonable cause to believe that providing immediate notification of the warrant may have an adverse result, as defined in 18 U.S.C. § 2705.  Providing immediate notice to the owner or user of the **Subject Vehicle** would seriously jeopardize the ongoing investigation, as such a disclosure would give such persons an opportunity to destroy evidence, change patterns of behavior, notify confederates, and flee from prosecution.  See 18 U.S.C. § 3103a(b)(1).  There is reasonable necessity for the use of the technique described above, for the reasons set forth above. See 18 U.S.C. § 3103a(b)(2).

37.    I further request that the Court seal the warrant and the affidavit and application in support thereof, except that copies of the warrant in full or redacted form may be maintained by the United States Attorney's Office and may be served on Special Agents and other investigative and law enforcement officers of the Drug Enforcement Administration, North Central High Intensity Drug Trafficking Area, federally deputized state and local law enforcement officers, and other government and contract personnel acting under the supervision of such investigative or law enforcement officers, as necessary to effectuate the warrant. These documents pertain to and discuss an ongoing criminal investigation that is neither public nor known to all the targets of the investigation. Accordingly, there is good cause to seal these documents because their premature disclosure may seriously jeopardize the investigation. Sealing these documents will also better ensure the safety of agents and others.

38.    Based on all the forgoing, I submit that there is probable cause to believe that UM1 is engaged in violations of Title 21 U.S.C. §§ 841(a)(1) (distribution and possession with the intent to distribute controlled substances), 846 (conspiracy to distribute and possess with the intent to distribute controlled substances), and Title 18 U.S.C . §§ 1959 & 1957 (Money laundering). I further believe that evidence of these crimes is likely to be found by tracking the location of the **Subject Vehicle**. Such tracking is likely to reveal additional "stash" locations, sources of supply, drug customers, and potential co-conspirators by revealing the places UM1 frequents.